IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01740-PAB

CROWN ENERGY, INC., a Colorado corporation,

    Plaintiff,

v.

OCS AMERICAN CAPITAL, LTD., a New Mexico limited liability company,

    Defendant.

## ORDER

This matter is before the Court on the Response to Order to Show Cause [Docket No. 5] filed by plaintiff Crown Energy, Inc. Plaintiff brought this case on July 2, 2013, alleging that the Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *See* Docket No. 1 at 1, ¶ 3. On July 3, 2013, the Court issued an Order to Show Cause [Docket No. 4] why this case should not be dismissed for lack of subject matter jurisdiction. The Order to Show Cause was based on plaintiff's failure to sufficiently plead the citizenship of defendant OCS American Capital, Ltd. ("OCS"). Docket No. 4 at 3-4. The Court explained that a limited liability company, unlike a corporation, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors,* No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases). As plaintiff's complaint does not set forth the citizenship of OCS' members, plaintiff failed to establish the Court's subject matter jurisdiction as a

threshold matter.  *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

As part of its response to the Court's order, plaintiff has attached its first amended complaint, which states: "On information and belief, none of the members of OCS are citizens of Colorado.  On information and belief, the member(s) of OCS are all citizens of New Mexico."  Docket No. 5 at 2; Docket No. 5-1 at 1.  The first amended complaint makes no further mention of OCS' citizenship.  *See generally* Docket No. 5-1.  Plaintiff argues that the allegations of the first amended complaint properly allege diversity of citizenship.

The Court finds that the allegations regarding diversity jurisdiction fail to show cause.  A "conclusory characterization that contains no identification of just whose citizenship is relevant–that is, no identification of each of the members themselves coupled with the necessary information as to the members' respective states of citizenship–does not suffice."  *Tolemac, LLC v. Jackson*, 2002 WL 239635, at *1 (N.D. Ill. Feb. 19, 2002); *see U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, 2009 WL 2055206 (D. Colo. July 10, 2009) (noting that Congress has not created an exception that would permit members of partnerships to remaining anonymous in federal court and thus that unincorporated entities have to choose between maintaining their members' anonymity and having their cases heard in federal court).  Moreover, plaintiff's response does not indicate whether any of OCS' members are themselves partnerships or limited liability companies whose members' citizenship is necessary to a determination of the citizenship of OCS.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the

citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

Plaintiff's first amended complaint does not cure the deficiency noted in the Court's order with respect to the citizenship of OCS. Thus, plaintiff has not carried its burden of showing that the Court has subject matter jurisdiction over this case. *See Radil*, 384 F.3d at 1224; *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it.").

Wherefore, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED July 25, 2013.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge